**Willie Lee SHAW, Jr., Petitioner–Appellant,**

v.

**Philip PARKER, Warden, Respondent–Appellee.**

**No. 00–6554.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

### ORDER

Willie Lee Shaw Jr., a Kentucky state prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Shaw was convicted of murder in a 1989 jury trial and was sentenced to 150 years of imprisonment. His conviction was upheld on direct appeal to the Kentucky Su-

preme Court. His first post-conviction action was denied at the trial court level and belatedly appealed unsuccessfully. A second post-conviction action was unsuccessfully pursued through all levels of the state court system. In this petition, forty claims for relief were raised. The matter was referred to a magistrate judge, who recommended that only the eleven issues raised on direct appeal be considered on the merits, because the remaining claims were procedurally defaulted by the belated appeal in the post-conviction proceedings, or by failure to raise them at the first opportunity. The magistrate judge then examined the eleven claims raised on direct appeal, and concluded that the Kentucky Supreme Court had properly rejected them in affirming the conviction. The district court adopted the magistrate judge's recommendation to dismiss the petition over Shaw's objections.

On appeal, Shaw has filed motions for counsel and miscellaneous relief. His brief is unintelligible, consisting mainly of copies of irrelevant documents from the record. Counsel for the respondent has informed the court that he will not be filing a brief.

■ Initially, we affirm the district court's adoption of the magistrate judge's recommendation that the claims not raised on direct appeal be dismissed. The magistrate judge correctly found that Shaw procedurally defaulted the claims not raised on direct appeal when he failed to timely appeal his post-conviction action, or failed to raise the claims at the first opportunity.

The claims raised on direct appeal were considered on the merits by the Kentucky Supreme Court. Habeas corpus relief may be warranted on issues decided on the merits in state court where the state court

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

**450**

unreasonably applied the established law to the particular facts of the case. *Williams v. Taylor*, 529 U.S. 362, 407–09, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In this case, as the respondent did not file the trial transcripts in the district court, it is not possible to determine whether the Kentucky Supreme Court's application of the law on all of the claims raised was reasonable, as the particular facts of this case are not available in the record.

■ This court reviews de novo a district court's resolution of mixed questions of law and fact in habeas corpus actions. *Carpenter v. Chapleau*, 72 F.3d 1269, 1271–72 (6th Cir.1996). This petition raised several claims which had been presented to the Kentucky Supreme Court involving mixed questions of law and fact, which were not frivolous on their face, including ineffective assistance of counsel, denial of a change of venue, prosecutorial misconduct, and judicial misconduct. Both appointed counsel's brief on direct appeal and this petition for federal habeas corpus contained references to the trial transcript pages alleged to support these claims. However, the state failed to include transcripts in its answer, as required by Rule 5 of the Rules Governing § 2254 Cases. Without the transcripts, de novo review of the claims on the merits is not possible. Because the district court also did not review the transcripts upon which the above claims were dependent, this case will be vacated and remanded in part for further consideration of the claims upon the furnishing of the transcripts by the respondent. *See Reiger v. Christensen*, 789 F.2d 1425, 1435 & n. 7 (9th Cir.1986).

For the above reasons, the district court's order dismissing this petition for habeas corpus relief is affirmed in part and vacated and remanded in part for further proceedings. Rule 34(j)(2)(C), Rules of the

Sixth Circuit. All pending motions are denied.